**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-50174-001-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Berryon Fitzgerald Moore, III, | |
| Defendant. | |

Pending before the Court are Defendant's motions for early termination of parole and supervised release. (Docs. 2, 3.) The government opposes Defendant's motions (Doc. 4) and Defendant did not file a reply. For the following reasons, the motions are denied.

As background, Defendant was indicted in December 2013 as part of a multi-defendant drug prosecution in the United States District Court for the Southern District of Ohio. (Doc. 1-3 at 1.) In June 2015, after pleading guilty to one count of conspiracy to possess with intent to distribute more than one kilogram of heroin, Defendant was sentenced to 105 months' imprisonment, to be followed by 36 months of supervised release. (Doc. 1-2.) On January 18, 2022, Defendant was released from custody and began his supervision term. (Doc. 1.) On August 1, 2022, this Court accepted a transfer of jurisdiction from the Southern District of Ohio. (*Id.*) Finally, on December 7, 2022, Defendant filed the pending motions. (Docs. 2, 3.)

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e). The statute provides that, after considering a subset of the

sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'  The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

The Court assumes that Defendant is statutorily eligible for early termination[1] but denies his requests on the merits.  As the government notes in its response, "[n]either motion articulates any grounds supporting termination other than a generic claim that Defendant has completed what has been asked of him." (Doc. 4 at 2.)  Additionally, and more important, "the probation officer advised that Defendant was convicted of a misdemeanor DUI offense in August 2022." (*Id.*)  Defendant's inability to avoid criminal conduct during his first year of supervision suggests that the interest of justice would not be served by early termination.  This consideration also suggests that, under 18 U.S.C. § 3553, there is a continuing need to protect the public from further crimes of Defendant.

Accordingly,

**IT IS ORDERED** that Defendant's motions for early termination of parole and supervised release (Docs. 2, 3) are **denied**.

Dated this 27th day of January, 2023.

                                                                          Dominic W. Lanza
                                                                          United States District Judge

---

[1] Under 18 U.S.C. § 3583(e)(1), a district court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release."  Although the government correctly notes that Defendant filed his motions less than one year after the beginning of his supervision term, the one-year mark has since passed.

- 2 -